IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **HERITAGE MOTORCOACH RESORT & MARINA CONDOMINIUM ASSOCIATION INC.,** ) ) ) | |
| **Plaintiff,** ) ) | |
| v.    ) | CIVIL ACTION NO. 22-00036-JB-M |
| ) **AXIS INSURANCE COMPANY,**  ) ) | |
| **Defendant.** ) | |

## ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint. (Doc. 14). The Motion has been briefed and is ripe for resolution. Upon due consideration, Plaintiff's Motion is **DENIED**.

### I.   Background

Plaintiff filed this action in the Circuit Court of Baldwin County, Alabama, on June 23, 2021. (Doc. 1-2). The Complaint alleges Defendant breached a policy of insurance and acted in bad faith in relation to Plaintiff's claims for damages caused to its property by Hurricane Sally. (*Id.*). On January 28, 2022, Defendant removed this action based on diversity jurisdiction. (Doc. 1). Plaintiff filed a motion to remand (Doc. 3), which was denied (Doc. 10).

The Court entered a Rule 16 Scheduling Order on June 16, 2022. (Doc. 13). The Scheduling Order required any motion for leave to amend the pleadings or join additional parties to be filed not later than August 12, 2022. (*Id.*). This deadline was within three days of the August 15 deadline the parties proposed in their Rule 26(f) Report. (Doc. 12).

Plaintiff filed the instant Motion on September 15, 2022, seeking to join owners of boats which allegedly caused the subject damage. Plaintiff filed its Motion more than a month after the expiration of the Rule 16 deadline. Plaintiff never moved to modify the Rule 16 Scheduling Order or to otherwise extend the deadline for amendments. Defendant objects to the Motion on grounds, *inter alia*, of timeliness. (Doc. 17).

**II.    Analysis**

Plaintiff argues its Motion is governed by the Rule 15 standard for amending pleadings. (Docs. 14 and 14-1). Plaintiff is mistaken. When, as here, a motion to amend is filed after the expiration of the Rule 16 deadline, "the more stringent Rule 16(b)(4) test applies." *Roberson v. BancorpSouth, Bank, Inc.*, 2013 U.S. Dist. LEXIS 130423, *4 (S.D. Ala. Oct. 14, 2013). This Court's Rule 16 Scheduling Order deadlines are "neither aspirational nor advisory." *Roberson*, 2013 U.S. Dist. LEXIS 1304243 at *2. Plaintiff "must first demonstrate good cause under Rule 16(b) before [the Court] will consider whether [Plaintiff's Motion] is proper under Rule 15(a)." *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1419 (11th Cir. 1998).[1]

The good cause standard under Rule 16 is strictly enforced, particularly when an objection is made to the amendment on grounds of untimeliness. *Eagle R&R LLC v. Specialty Diving of La.*, 2021 U.S. Dist. LEXIS 245462, *5 (S.D. Ala. Oct. 17, 2021) (citing *Will-Burn Recording & Publ. Co. v. Universal Music Group Records*, 2009 U.S. Dist. LEXIS 35562, *n.5 (S.D. Ala. April 27, 2009)

---

[1] "Were the law otherwise, scheduling orders would be trivialized to the point of meaninglessness." *Roberson*, 2013 U.S. Dist. LEXIS 1304243 at *4 - 5 (citing *Millennium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293, 1299 (11th Cir. 2007) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."), *Smith v. School Bd. of Orange County*, 487 F.3d 1361, 1367 (11th Cir. 2007) (movant "had to comply with Rule 16(b)'s good cause requirement because he filed his motion to amend" after the expiration of the Rule 16 deadline)).

("Particularly where a nonmovant objects to a proposed amendment as untimely under the applicable scheduling order, this Court has strictly applied the Rule 16(b) 'good cause' standard to belated amendments to the pleadings."). Furthermore, the decision to allow an amendment under Rule 16 is vested in the Court's discretion. *Eagle R&R LLC*, 2021 U.S. Dist. LEXIS 245462, *5 (citing *Sosa*, 133 F.3d at 1418 and *Friedman v. Coffman*, 2012 U.S. Dist. LEXIS 25952 (S.D. Fla. Feb. 29, 2012)). It is Plaintiff's burden under Rule 16 to establish good cause and diligence. *See Northstar Marine v. Huffman*, 2014 U.S. Dist. LEXIS 102419, *7 (S.D. Ala. July 28, 2014) ("The burden of establishing good cause / diligence rests squarely on the party seeking relief from the scheduling order.").

The "good cause" standard requires, first, a demonstration of diligence. *Roberson*, 2013 U.S. Dist. LEXIS 1304243 at *4 (citing *Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008) ("To establish good cause, the party seeking the extension must have been diligent."). Diligence is the "touchstone" of Plaintiff's burden. *Roberson*, 2013 U.S. Dist. LEXIS 1304243 at *7 (citing *De Varona v. Discount Auto Parts, LLC*, 285 F.R.D. 671, 672 – 73 (S.D. Fla. 2012) ("diligence is the key to satisfying the good cause requirement.")). In *Sosa*, the Eleventh Circuit explained the good cause standard "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" 133 F.3d at 1418 (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992). *See also Baker v. United States Marshal Service*, 2014 U.S. Dist. LEXIS 76662, *5 (D. NJ. June 5, 2014) ("The moving party has the burden of demonstrating that despite its diligence it could not reasonably have met the Scheduling Order deadline."). The Eleventh Circuit in *Sosa*, in its citation to *Mammoth Recreations, Inc.*, quoted that opinion: "If [a] party was not diligent, the [good cause] inquiry should end."

Plaintiff does not attempt to address the Rule 16 good cause standard in support of its Motion.  As noted, Plaintiff does not acknowledge it.  However, Plaintiff does make statements in its Reply brief relating to circumstances surrounding the timing of its Motion.  (Doc. 18).  The Court has considered those statements, but concludes they fail to demonstrate Plaintiff exercised diligence for purposes of good cause under Rule 16.  Plaintiff states:

> As this litigation has moved forward, it has come to Plaintiffs attention that more defendants are able to be properly identified. A newly elected board member of the association has recently produced pictures with hull identification numbers for boats which caused damage to Plaintiff's property. On August 22, 2022, and September 6, 2022, investigations were made into the hull identification numbers, yielding the identity and residential addresses of the boat owners.
>
> . . .
>
> Plaintiff made immediate strides to add the additional defendants as soon as they were identified.

(Doc. 18).

Plaintiff fails to identify any meaningful timeframe, but rather ambiguously asserts additional defendants "came to [its] attention" as "this litigation has moved forward." (*Id.*). Plaintiff offers nothing regarding its efforts, if any, to identify the boat owners prior to its receipt of photographs from a third-party.  Plaintiff does not disclose when it received those photographs, other than to say it was "recently."  It does not state that the photographs, or any other facts relating to the boat owners, were previously undiscoverable.  Plaintiff does not state whether it received the photographs before the Rule 16 amendment deadline.

Plaintiff states investigations were made on August 22 and September 6 which yielded the identities of the boat owners, and that it "made immediate strides to add" them "as soon as they were identified." (Doc. 18).  This, however, is insufficient to demonstrate diligence under

4

Rule 16. The question of Plaintiff's diligence does not turn on the time Plaintiff allowed to lapse between its being informed of the owners' identities and the filing of its Motion. The question of Plaintiff's diligence focuses on when the facts of the boat owners were reasonably discoverable and what efforts Plaintiff made, and when, to discover those facts. Plaintiff offers nothing material to these questions. *Roberson*, 2013 U.S. Dist. LEXIS 1304243 at 5 - 6 (citing *Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 735 (S.D.N.Y 2012) ("[T]he good cause standard is not satisfied when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline.")). *See also Smith v. School Bd. Of Orange County*, 487 F.3d 1361, 1367 (11th Cir. 2007) (allegation that discovery produced new facts did not establish good cause under Rule 16 because the movant failed, *inter alia*, to demonstrate "why those facts previously were undiscoverable.").[2]

### III. Conclusion

Plaintiff has failed to demonstrate it exercised diligence, and therefore has failed to establish good cause under Rule 16 to support its Motion for Leave to File Amended Complaint. (Doc. 14). Plaintiff's Motion is **DENIED**.

**DONE and ORDERED** this 20th day of October, 2022.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] In its opposition to the Motion, Defendant argues, "[a]t the time Plaintiff filed its Complaint [on June 23, 2021], it was aware that multiple boats had impacted the dock, damaging it in the process; thus, Plaintiff knew or should have ascertained the identity of the boat owners at that time." (Doc. 17). Plaintiff does not respond to this argument in its Reply brief.